UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DAVID CHRISTOPHER GLASS** | **CASE NO. 3:19-CV-01216** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KRISTY MASSEY FINLEY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [doc. # 9] filed by defendants, Kristy Finley; Dean Morris, L.L.C.; and First Guaranty Mortgage Corporation. The motion is opposed. [doc. # 14]. For reasons assigned below, it is recommended that the motion to dismiss be DENIED.

## Background

On September 17, 2019, David Christopher Glass ("Glass") filed the instant $2 million civil lawsuit for non-judicial wrongful foreclosure against defendants, First Guaranty Mortgage Corporation ("FGMC"); its agent, Dean Morris, L.L.C. ("DMC"); and an attorney associated with DMC, Kristy Massey Finley ("Finley"). (Compl.). The complaint alleges that on December 14, 2011, Glass purchased a home and obtained a $107,500 mortgage loan from American Home Free Mortgage, L.L.C. From January 2012 until November 2018, Glass made timely payments to the mortgage servicers. In early 2019, FGMC claimed that Glass was behind on his payments and hired a foreclosure attorney to commence foreclosure proceedings. On January 30, 2019, FGMC, through its agent, DMC, and attorney Finley, filed a Petition to Enforce Security Interest by Executory Process against Glass in the 5th Judicial District for the

Parish of Richland, State of Louisiana. (Compl., Exh.). On February 4, 2019, a 5th Judicial District Judge ordered the issuance of a writ of seizure and sale for the property affected by the subject mortgage. *Id.*

In the instant suit, Glass contends that the attempted foreclosure process is void for lack of evidence and various other deficiencies. For example, Glass asserts that he never received a loan; rather it was the execution of a signed promissory note in exchange for "electronic credits from the Federal Reserve." Glass further asserts that there was a conspiracy to deprive him of property without the administration of justice in violation of his due process rights under 42 U.S.C. §§ 1983, 1985, and 1986. He contends that the original contract and an accounting of the loan entries were never filed in the wrongful foreclosure case, and therefore, the attorney who signed the foreclosure petition did not have standing to do so.

Plaintiff further argues that he is entitled to rescission of the original loan contract because defendants did not provide full disclosure as required by the Truth in Lending Act ("TILA"). He also asserts a claim for detrimental reliance because he was "tricked" into repaying about $790.00 per month, including insurance and taxes, when a loan was never provided. He alleges that defendants collected on an unlawful debt which provides him with a civil remedy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Glass also claims: to have suffered slanders of title and credit, that defendants violated Louisiana's Unfair Trade Practices and Consumer Protection Act, and that defendants subjected him to intentional infliction of emotional distress. In addition, he asserts that FGMC, and/or its attorney, transmitted to various credit reporting agencies, including Equifax, false, adverse information about the plaintiff, thereby causing his credit rating to be impaired. Plaintiff seeks a

total of $2 million in compensatory and punitive damages stemming from defendants' wrongful conduct.

On October 10, 2019, defendants, Finley, DMC, and FGMC, filed the instant motion to dismiss for lack of subject matter jurisdiction. Defendants contend that the court lacks diversity jurisdiction. They also assert that a federal question does not appear on the face of plaintiff's complaint, which merely states a claim for breach of contract under state law.

On October 23, 2019, plaintiff filed an objection to defendants' motion to dismiss, in which he stated that he had a right to amend his complaint, and that defendants had violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. [doc. # 14].[1] Defendants did not file a reply brief, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 12]. Thus, the matter is ripe.

## Law and Analysis

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The court can resolve a motion to dismiss for lack of subject matter jurisdiction "based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

---

[1] In his motion for a temporary restraining order, plaintiff alleged that defendants violated the FDCPA. [doc. # 3].

3

resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted).

The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332.[2] For purposes of diversity jurisdiction, "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Plaintiff's allegations do not establish the parties' citizenship and diversity.[3] Accordingly, diversity jurisdiction is lacking.

"[F]ederal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to

---

[2] Other types of cases also confer federal jurisdiction. *See e.g.*, 28 U.S.C. § 1333 (admiralty and maritime) and 28 U.S.C. § 1334 (bankruptcy). There is no suggestion that plaintiff's factual allegations would support subject matter jurisdiction on these or other grounds.

[3] When jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id.*

4

assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)).

In this case, plaintiff alleged that defendants violated various federal civil rights laws, 42 U.S.C. §§ 1983, 1985, and 1986. He further invoked rescission under the federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. *See Batte v. Harris*, 465 F.2d 1400 (5th Cir.1972). Moreover, he endeavored to state a civil RICO claim, which contemplates a violation of the federal RICO statute, 18 U.S.C. § 1964(c). *See Univ. of Texas Sys. v. Alliantgroup LP*, No. 17-2588, 2019 WL 4199828, at *5 (S.D. Tex. Sept. 5, 2019). Plaintiff's plain invocation of federal law as the basis for at least some of his claims,[4] suffices to support the exercise of federal question jurisdiction, 28 U.S.C. § 1331. *See Cervantez, supra*.[5] The presence of federal question jurisdiction permits the federal court to exercise supplemental jurisdiction over plaintiff's sufficiently related state law claims. 28 U.S.C. § 1367; *see also Tellez v. Madrigal*, No. 15-304, 2016 WL 11212416, at *12 (W.D. Tex. Nov. 5, 2016).[6]

---

[4] Defendants did not challenge the sufficiency of these federal law claims, and consequently, neither does the court.

[5] In its ruling on plaintiff's TRO motion, the District Court observed previously that plaintiff had asserted several claims under federal law. (Sept. 17, 2019, Mem. Order [doc. # 5]).

[6] The court notes that plaintiff stated in his objection to defendants' motion that he intended to exercise his right to amend his complaint to allege a violation of the FDCPA. Because plaintiff asserted other federal law claims in his complaint, the court need not rely on plaintiff's allegation in his objection to support federal question jurisdiction. However, if plaintiff intends to assert a claim under the FDCPA, he should seek leave to amend his complaint, together with a proposed pleading to that effect.

**Conclusion**

For the foregoing reasons,

IT IS RECOMMENDED that defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [doc. # 9] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 4th day of November 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE